# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Olivarez,<br><br>    Petitioner,<br><br>v.<br><br>Dora Schriro, et al.,<br><br>    Respondents. | Case No. CV 06-2929-PHX-JWS (JM)<br><br>**REPORT AND RECOMMENDATION** |

Pending before the Court is Petitioner's Amended Petition for Writ of Habeas Corpus [Docket No. 1] filed under 28 U.S.C. §2254. In accordance with the Rules of Practice of the United States District Court for the District of Arizona and 28 U.S.C. § 636(b)(1), this matter was referred to the Magistrate Judge for report and recommendation. As explained below, the Magistrate Judge recommends that the District Court, after an independent review of the record, deny and dismiss the Petition with prejudice.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

On October 29, 2002, the Maricopa County Grand Jury returned a True Bill indicting Petitioner on two counts of Aggravated Assault, a Class 3 Dangerous felony, and on one count of Interfering with Judicial Proceedings, a Class 1 Misdemeanor. (Ex. A.) The State further alleged that Petitioner committed the offenses with one historical prior felony conviction of attempted sexual conduct with a minor, and that Petitioner committed the offenses while on probation for that historical prior. (Exs. B & C.)

On February 24, 2003, Petitioner entered into a plea agreement that provided he would plead guilty to an amended Count 1, attempted armed robbery, in exchange for the dismissal

1 by the State of the second and third counts as well as the dismissal of the prior felony
2 conviction and probation violation allegations. (Ex. D.)  At his change of plea hearing on
3 February 24, 2003, Petitioner waived his constitutional rights and pled guilty under the terms
4 of the plea agreement to one count of attempted armed robbery. (Ex. F.)  On May 29, 2003,
5 the trial court sentenced Petitioner to an aggravated term of 12.25 years in prison.(Exs. H &
6 I.)

7 Petitioner subsequently filed a notice of post-conviction relief. (Ex. J.)  After his
8 appointed counsel notified the trial court that he was "unable to find any claims for relief to
9 raise in post-conviction relief proceedings[,]" the trial court granted Petitioner an extension
10 of time to file a *pro per* petition for post-conviction relief. (Ex. K & L.)  In his petition,
11 Petitioner claimed that the plea agreement lacked a factual basis in violation of his right to
12 due process under the Fifth and Fourteenth Amendments, the sentencing contained errors,
13 and ineffective assistance of counsel. (Ex. M.)  In a Minute Entry dated June 10, 2004, the
14 trial court addressed each claim and rejected them for lack of merit. (Ex. O.)  In a Minute
15 Entry dated October 29, 2004, the trial court also addressed each claim that Petitioner filed
16 in a motion for rehearing, again rejecting the claims on the merits. (Exs. P& Q.)  On
17 November 31, 2004, Petitioner field a petition for review of his post-conviction proceedings
18 by the Arizona Court of Appeals and, on January 5, 2005, the State filed a response. (Ex. R.)

19 On January 14, 2005, while his appeal remained pending, Petitioner filed a second
20 notice of post-conviction relief in which he claimed that his aggravated sentence violated
21 *Blakely v. Washington*, 542 U.S. 296 (2004). (Ex. U.)  The trial court determined that
22 "*Blakely* may apply to defendant because review of his first Rule 32 of-right is still pending
23 . . . ," and therefore allowed the new post-conviction application "to proceed <u>only as to the
24 *Blakely* issue</u>." (Ex. V.)  Petitioner filed his petition on February 16, 2005, and argued that
25 the trial judge, rather than a jury, found subjective aggravating factors and thereby violated
26 his Sixth Amendment right under *Blakely*. (Ex. W.)  In response, the State argued that  trial
27 court's decision to aggravate Petitioner's sentence based in part on Petitioner's criminal
28 record was constitutional because under *Blakely* Petitioner's prior conviction expanded the

sentencing range to include an aggravated sentence. (Ex. X.) In his reply, Petitioner argued that the trial court never explicitly found the existence of a prior felony convictions as an aggravating factor. (Ex. Y.) In its Minute Entry Order addressing Petitioner's *Blakely* claim, the trial court stated that it "analyzed several factors in determining this sentence, including Petitioner's high risk to re-offend, the high risk he posed to the community while drinking, and his criminal record." (Ex. Z.) The trial court examined several Arizona cases interpreting *Blakely* and determined that the more recent cases rejected the "one properly found aggravating factor" approach, and held that "each aggravating factor considered by the sentencing judge must be *Blakely*-exempt or *Blakely*-compliant." (*Id.*) Thus, although the trial court found that Petitioner's prior conviction *Blakely*-exempt, it nevertheless found that the other aggravating factors on which it relied were not *Blakely*-compliant. (*Id.*) The trial court therefore granted post-conviction relief, vacated the May 26, 2003 sentencing, and set the matter for re-sentencing. (*Id.*)

The State then filed a motion to stay pending review by the Arizona Court of Appeals, and the trial court granted the stay. (Exs. AA & BB.) After filing its petition for review and receiving Petitioner's response, the State filed a reply in which it noted that the Arizona Supreme Court had resolved the *Blakely* issue in *State v. Martinez*, 210 Ariz. 578 (2005), and had concluded that the trial court's finding of just one *Blakely* exempt aggravating circumstance allowed the court to constitutionally sentence a defendant within the now-expanded range, including any term up to a fully aggravated sentence. (Exs. CC-EE.) Nevertheless, on August 16, 2005, the Arizona Court of Appeals summarily denied the State's petition for review, but mistakenly stated that the appeal was from the trial court's denial, rather than a grant, of post-conviction relief. (Ex. FF.)

Nevertheless, approximately seven months later on March 16, 2006, the Arizona Court of Appeals filed a Decision Order in which it reversed the trial court, stating in pertinent part that:

> Although the trial court was responding to *Blakely*, our supreme court clarified *Blakely* in *State v. Martinez*, 210 Ariz. 578, 115 P.3d 618 (2005). In *Martinez*, our supreme court held that once

- 3 -

> a single aggravating factor has been properly established in accordance with *Blakely*, the sentencing judge may find and consider additional aggravating factors in its determination of the appropriate sentence to be imposed. *Id*. At 585, ¶ 26, 115 P.3d at 625. Here, one of the aggravating factors found by the trial court was [Petitioner's] prior conviction. The existence of prior convictions may be determined by the trial court and need not be submitted to the jury. *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000). Because the existence of [Petitioner's] prior conviction was established in accordance with *Blakely*, the trial court could find and consider other factors in its determination of the appropriate sentence. *See Martinez*, 210 Ariz. At 585, ¶ 26, 115 P.3d at 625.

(Ex. GG.) Based on this analysis, the appeals court vacated the trial court's order and reinstated the original sentence imposed. (*Id*.)

Petitioner then sought review in the Arizona Supreme Court and in pertinent part argued that his prior conviction was never set forth on the record and therefore could not constitute the *Blakely*-exempt factor that would allow the trial court to consider other factors in imposing the sentence. (Ex. HH.) On October 4, 2006, the Arizona Supreme Court summarily denied review. (Ex. JJ.)

The instant petition was filed on December 6, 2006. *Docket No. 1*. In addition to his *Blakely* claim, Petitioner has raised two additional claims. These additional claims are based on the same facts as the *Blakely* claim and Petitioner alleges that the State's sentencing scheme "did not comply with the Sixth Amendment," and that elements of the crime were used to aggravate his sentence in violation of his due process rights. *Id.* at 6-7.

## II. <u>LEGAL DISCUSSION</u>

Under the AEDPA, a federal court "shall not" grant habeas relief with respect to "any claim that was adjudicated on the merits in State court proceedings" unless the state decision was (1) contrary to, or an unreasonable application of, clearly established federal law as determined by the United States Supreme Court; or (2) based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d). *See Williams v. Taylor*, 120 S.Ct. 1495 (2000). A state court's decision can be "contrary to" federal law either (1) if it fails to apply the correct controlling authority, or (2) if it applies the controlling authority to a case involving facts "materially

- 4 -

1  indistinguishable" from those in a controlling case, but nonetheless reaches a different result.
2  *Van Tran v. Lindsey*, 212 F.3d 1143, 1150 (9th Cir. 2000).  In determining whether a state
3  court decision is contrary to federal law, the court must examine the last reasoned decision
4  of a state court and the basis of the state court's judgment.  *Packer v. Hill*, 277 F.3d 1092,
5  1101 (9th Cir. 2002).  A state court's decision can be an unreasonable application of federal
6  law either (1) if it correctly identifies the governing legal principle but applies it to a new set
7  of facts in a way that is objectively unreasonable, or (2) if it extends or fails to extend a
8  clearly established legal principle to a new context in a way that is objectively unreasonable.
9  *Hernandez v. Small*, 282 F.3d 1132 (9th Cir. 2002).

10  Respondents argue that *Blakely* does not apply to Petitioner's sentence because the
11  trial court found that Petitioner had a prior conviction and prior convictions are exempt from
12  the Sixth Amendment's jury trial requirement.  In deciding *Blakely,* the Supreme Court made
13  it clear that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for
14  a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved
15  beyond a reasonable doubt."  *Blakely*, 542 U.S. at 301 (*citing Apprendi v. New Jersey*, 530
16  U.S. 466, 490 (2000)); *United States v. Thomas*, 447 F.3d 1191, 1200 (9th Cir. 2006).  Thus,
17  by its express terms, *Blakely* does not apply to the fact of a prior conviction.

18  Petitioner does not appear to disagree with that proposition.  Instead, Petitioner argues
19  that the trial court did not consider his prior conviction as an aggravating factor.  As such,
20  Petitioner contends, he was not subject to the aggravated sentence imposed.  Examining the
21  record on this point, establishes that there was no explicit finding of a prior conviction at
22  sentencing.  However, there is enough in the record to support the Arizona Court of Appeals
23  factual conclusion that Petitioner's "prior conviction was established in accordance with
24  *Blakely*," and that the trial court was therefore permitted to consider other factors in its
25  determination of Petitioner's sentence.  (Ex. GG, at p. 2.)

26  A state court's factual findings must be accepted as correct unless a petitioner can
27  rebut them with clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1);
28  *Marshall v. Taylor*, 395 F.3d 1058, 1062 n. 19 (9th Cir. 2005).  Here, in the last reasoned

1 decision addressing Petitioner's *Blakely* claim, the Arizona Court of Appeals found that the
2 existence of Petitioner's prior conviction was properly found by the trial court. Turning to
3 the record, the decision was not based "on an unreasonable determination of the facts in light
4 of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2).
5 Petitioner's plea agreement reflects that he avowed "no more than 1 prior felony and that he
6 was on probation . . . ." (Ex. D.) At his change of plea hearing, Petitioner admitted in open
7 court that he had a prior felony conviction and understood he could be sentenced to a term
8 of up to 15 years. (Ex. F, pp. 10-11.) In the minute entry order for the change of plea
9 hearing, it was ordered that the allegation of Petitioner's prior felony conviction would be
10 "deemed submitted at the time of sentencing." (Ex. G.) At his sentencing, Petitioner
11 admitted to being on probation for attempted sexual conduct with a minor and he discussed
12 with the judge what they talked about when Petitioner appeared for sentencing on that
13 charge. (Ex. H, pp. 23-24.) The judge then reviewed the mitigating and aggravating factors
14 and stated that, "his criminal history is not as bad as I would have expected of a person that
15 I am sentencing today, but it's not a good record client." (*Id*. at 37.) The judge then imposed
16 an aggravated sentence of 12.25 years, but could have imposed the maximum of 15 years.
17 (*Id.* at 38.)

18 This record establishes that a finding that Petitioner admitted to a prior felony was
19 reasonable. Under Arizona's statutory sentencing scheme, once Petitioner admitted to a prior
20 felony, the court had the discretion to sentence him to the statutory maximum of 15 years.
21 *See State v. Martinez*, 210 Ariz. 578 (2005). Petitioner's admission of a prior conviction then
22 made it permissible under the Sixth Amendment for the judge to consider additional factors
23 relevant to the imposition of a sentence up to the maximum prescribed in the statute. *Id*. at
24 625. Thus, the sentencing judge acted within his discretion in imposing a 12.25 year
25 sentence as it was within the statutory range.

26 **IV.  RECOMMENDATION**

27 Based on the foregoing, the Magistrate Judge **RECOMMENDS** that the District
28 Court, after its independent review, **deny and dismiss with prejudice** Petitioner's Petition

- 6 -

1 for Writ of Habeas Corpus [Docket No. 1].

2     This Recommendation is not an order that is immediately appealable to the Ninth
3 Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of
4 Appellate Procedure, should not be filed until entry of the District Court's judgment.

5     However, the parties shall have ten (10) days from the date of service of a copy of this
6 recommendation within which to file specific written objections with the District Court. *See*
7 28 U.S.C. § 636(b)(1) and Rules 72(b), 6(a) and 6(e) of the Federal Rules of Civil Procedure.
8 Thereafter, the parties have ten (10) days within which to file a response to the objections.
9 If any objections are filed, this action should be designated case number: **CV 06-2929-PHX-**
10 **JWS**. Failure to timely file objections to any factual or legal determination of the Magistrate
11 Judge may be considered a waiver of a party's right to *de novo* consideration of the issues.
12 *See United States v. Reyna-Tapia* 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*).

13     DATED this 5th day of September, 2008.

*[signature]*
Jacqueline Marshall
United States Magistrate Judge

- 7 -